UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

In re:
**Marty Glenn Bunch**

Case No.  09-08505-8-RDD
Chapter   13

Soc.Sec.No.: xxx-xx-2389
Mailing Address:   110 Robinson Dr.,
                   Roanoke Rapids , NC   27870

Debtor.

## OPPOSITION TO MOTION TO CONFIRM CHAPTER 13 PLAN AND TO AMENDED SCHEDULE B AND EXEMPTIONS

**NOW COMES Lake Gaston Supply Inc.**, by and through counsel undersigned, who hereby opposes the Motion to Confirm Chapter 13 Plan filed by the Chapter 13 Trustee, and the Debtor's amended Schedule B and amended exemptions.

In support thereof, Lake Gaston Supply Inc.  alleges the following:

1.  In response to a motion for relief from co-debtor stay filed by Lake Gaston Supply, Inc., indicating its intent to pursue Stonehouse Builders Inc., for a debt co-signed by the Debtor, the Debtor amended his Schedule B to list moneys owed to Stonehouse Builders Inc. as a personal asset, and then amended his Schedule C and exemptions to protect said asset from creditors. Said asset is in fact an asset of Stonehouse Builders Inc., and cannot be exempted by the Debtor.

2.  On information and belief, said amendments were filed in an attempt to prevent Lake Gaston Supply Inc. from obtaining funds in the amount of $8,522.64 being held by attorney Paul J. Stainback for payment of a debt owed to Stonehouse Builders Inc., which is not under a bankruptcy plan.

3.  On information and belief, Debtor has attempted to recover the funds from Attorney Stainback, in an action prejudicial to the creditors of Stonehouse Builders Inc.

4.  There is a pending action in Warren County, North Carolina, in which Lake Gaston Supply Inc. is suing Stonehouse Builders Inc., for money owed for purchase of supplies.  (Debtor was a personal guarantor of said debt.)

5.  If the court determines that money owed to Stonehouse Builders is an asset of the Debtor as listed in Debtor's amended schedule B, Debtor's exemption of the funds owed to Stonehouse under the "wild card" is in an amount greater than that allowed under NC exemptions statues.

6.  Debtor's plan should not be confirmed until the ownership status of funds held by Attorney Stainback is determined by the court, and until the Court considers whether Debtor's exemptions were properly made.

**WHEREFORE**, the Debtor prays that the Court deny the Trustee's Motion to Confirm Plan,

determine ownership of accounts receivable of Stonehouse Builders Inc., and of money held in trust by Attorney Paul J. Stainback, and determine whether Debtor's exemptions were properly made; and that it set this matter for hearing; and that it grant such other and further relief which it deems just, proper and equitable.

Dated: February 17, 2010.

*S/Rhonda Bagshawe*
Rhonda Bagshawe
PO Box 472
Warrenton, NC 27589
Tel. No.: (252)257-4400

## CERTIFICATE OF SERVICE

I, Rhonda Bagshawe, do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on February 18, 2010, I served copies of the foregoing **Opposition to Motion to Confirm Chapter 13 Plan**, by regular U.S. mail or electronic servicing, upon the parties set forth below:

Marty Glenn Bunch
110 Robinson Dr.
Roanoke Rapids , NC  27870

John T. Orcutt
6616-203 Six Forks Rd.
Raleigh NC 27615

Robert R. Browning
Chapter 13 Trustee
Post Office Box 8248
Greenville, NC  27834-8248

Paul J. Stainback
Po Box 1820
Henderson, NC 27536


*S/Rhonda Bagshawe*
Rhonda Bagshawe